**STEVEN AMES BROWN**
Entertainment Law 83363
69 Grand View Avenue
San Francisco, California 94114-2741
415/647-7700 Telephone
415/285-3048 Fax

Attorney for plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IO GROUP, INC., | |
|     Plaintiff, | Civil No.   C 03-04700 VRW |
|     vs. | |
| L. F. P., INC., <br> FLYNT INTERNET, INC., <br> *dba* FLYNT INTERNET, LTD. <br> MEDIA PLUS WEB <br> CONSULTING, INC. | COMPLAINT FOR <br> COPYRIGHT INFRINGEMENT |
|     Defendants. <br> _____/ | DEMAND FOR TRIAL BY JURY |

1. Jurisdiction. This action arises under the Copyright Act, 17 U.S.C. § 101, *et seq.* This Court has jurisdiction under 28 U.S.C. §§ 1331, 1338(a). Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

2. Intradistrict Assignment. The intellectual property at issue is controlled from within San Francisco County.

3. At all times herein alleged plaintiff was a citizen of the United States, resident in San Francisco. Defendants are all California corporations, resident in California.

4. Plaintiff is the author of the audiovisual works known as *Island Guardian, Jacked Up, Titan Men, Titan Express, Immersion/Swell, Stuffed, Eruption, Fluid, Tourist Trade, Heat,* and various still photographs taken during the production of said works ("plaintiff's works" or "plaintiff's images").

5. Plaintiff's works contain material wholly original to plaintiff and constitutes copyrightable subject matter under the laws of the United States.

6. Plaintiff complied in all respects with the Copyright Act by tendering copyright registrations, deposit copies and fees with the Copyright Office, for each work prior to the filing hereof and has obtained registration numbers PA 984-693/VA 1-177221, PA 1-040-880/VA 1-177-143, PA 867-211/VA 880-002, PA 1-041-382/VA 1-135-423, PA 765-056/VA 1-201-821, PA 990-738/VA 1-201-826, PA 990-739/VA 1-353-355, PA 873-476/VA 1-135-350, PA 860-304/VA 1 773-308, PA 1-017-633/VA 1-177-304 thereon.

7. Within three years last past, the three defendants uploaded unauthorized copies of images taken from plaintiff's works onto servers connected to the Internet. Defendants' server is commonly known as www.lfpcontent.com and it is marketed under the website commonly known as www.studclub.com.

8. Defendants also purported to license among themselves the right to upload unauthorized copies of images taken from plaintiff's works onto their serves, all of which are connected to the Internet.

9.  The unauthorized copies were uploaded by defendants in non-copy protected, high resolution formats so that users of defendants' websites could download high quality copies of said images onto their own hard drives or print copies thereof.

10.  Defendants sold to the general public memberships for access to their web sites and paid fees to other website owners whose own visitors purchased memberships to Defendants' websites under a referral program utilizing hyper-links between sites, *inter-alia*, so that defendants could reap financial gain from making plaintiff's images available for further reproduction and copying.

11.  Defendants committed direct infringement by uploading copies of plaintiff's images onto its servers.

12.  Defendants uploaded plaintiff's images in downloadable (non-copy protected) formats so that their customers could download copyrighted images without plaintiff's permission.  Defendants committed both contributory and vicarious infringement when their customers downloaded unauthorized copies of plaintiff's images onto their own hard drives or printed copies thereof.

13.  At all times herein mentioned defendants knew they were reproducing, displaying, licensing and facilitating the further reproduction of images from audiovisual works that they did not own, control and for which they knew they did not have plaintiff's permission to utilize in the manner herein alleged.

14.  As a direct and proximate result of defendants' actions plaintiff has suffered lost income and other damage in an amount to be determined at trial.

15.  In performing the acts herein alleged the defendants acted with actual knowledge that they were infringing plaintiff's copyrighted works.  Defendants are willful infringers within the meaning of the Copyright Act.

///

///

WHEREFORE, plaintiff demands:

1. That defendants, their agents, servants and all those acting in concert with them, be enjoined during the pendency of this action and permanently from infringing plaintiff's aforesaid copyrights in any manner, including but not limited to prohibiting them from manufacturing, selling, reproducing and/or publicly performing any of said copyrighted works;

2. General damages according to proof;

3. An accounting of defendants' profits;

4. For statutory damages;

5. For exemplary damages;

6. Such other relief as the Court may deem proper;

7. Reasonable attorney's fees;

8. Plaintiff demands a trial by jury.

Dated: October 20, 2003

                        Respectfully submitted,

                        /s/

                        STEVEN AMES BROWN,
                        Attorney for plaintiff

COMPLAINT